IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ROBERT CHAMBERS**  **PLAINTIFF**

V. CAUSE NO. 3:20-CV-58-CWR-LGI

**CITY OF JACKSON, MISSISSIPPI;**  **DEFENDANTS**
**OFFICER KENNETH SHORT, individually**
**and in his official capacity;**
**JOHN and JANE DOES 1-10**

## ORDER

This case arises out of plaintiff Robert Chambers' May 4, 2017 arrest in Jackson, Mississippi. According to Chambers, Jackson Police Officer Kenneth Short arrested him for seemingly no reason, and at most, minor traffic violations. *See* Docket No. 1 at ¶ 1. In effectuating the arrest, Chambers claims that Officer Short pulled him from his car and slammed him to the concrete. The impact broke Chambers' right femur. *Id.* Five years later, Chambers, who is in his 70s, reports that he is unable to work, care for his home, or walk without assistance. Docket No. 45 at 4. Officer Short tells a different story. He claims that Chambers, heavily intoxicated, fell while attempting to flee. Docket No. 39 at 2.

At issue today, however, is certain alleged actions (or inactions) by defendant City of Jackson, Mississippi (the City). Specifically, on February 23, 2018, through counsel, Chambers sent a preservation request to former Chief of Police Anthony Moore. *See* Docket No. 44-1. Chambers alleges that this request was ignored. Docket No. 47 at 5-6. As support, Chambers cites to the City's responses to his requests for production. Specifically, Chambers requested the City,

> Please produce a copy of all communications, whether generated or stored in hard copy or electronically, sent or received by or any or any of Defendant's representatives, agents, officers, or employees regarding this Plaintiff. This

> request specifically includes, but is not limited to, all radio frequency tapes, mobile data[,] terminal data, mobile digital computer data, computer-assisted dispatch data, incident recall printouts, video recordings, and audio recordings, electronic mail, and instant messages.

*Id.* at 5; *see also* Docket No. 46-5.

To which the City responded "none known." In its response the City added that "911 tapes and data are generally stored only for up to one year due to data storage limitations also, at the time of the incident, JPD officers were not equipped with body cams." Docket No. 47 at 5; *see also* Docket No. 46-5.

Chambers cites to the failure to preserve evidence as one basis for his *Monell* claim. *See* Docket No. 47 at 6-8. Further, he requests that the Court issue an adverse instruction concerning spoliation, should this case proceed to a jury trial. *Id.*

The Court orders the City and Officer Short to submit supplemental briefing as to whether the City and/or Short failed to preserve evidence, and if so, whether sanctions are warranted. Defendants have 14 days from the date of this Order to submit their briefs. Chambers may respond within seven days. A hearing may or may not be scheduled.

**SO ORDERED**, this the 18th day of May, 2022.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE